(Rev. 02-02-16)

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| NICOLE POSTON, | ) | CASE NO.  5:16cv3013 |
| | ) | |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | **INITIAL STANDING ORDER** |
| | ) | |
| MASSILLON CITY SCHOOLS | ) | |
| | ) | |
| | ) | |
| DEFENDANT. | ) | |

**This INITIAL STANDING ORDER shall apply throughout the course of all proceedings in this case *except* when specifically modified by separate order.**

## I.   ELECTRONIC FILING

All attorneys are required to file electronically. Registration forms, training materials and tutorials are available on the court's website (www.ohnd.uscourts.gov). Parties must consult the Electronic Policies and Procedures Manual to verify that a particular document is suitable for electronic filing.

## II.   RULES GOVERNING

This case is governed by both the Local Rules of the United States District Court for the Northern District of Ohio and the Federal Rules of Civil Procedure. All counsel and unrepresented parties shall familiarize themselves with the Local and Federal Rules.

If this case alleges infringement of a patent in a complaint, counterclaim, cross-claim, or third-party claim, or seeks a declaratory judgment that a patent is not infringed, is invalid, or is unenforceable, it shall also be governed by the Local Patent Rules for the United States District Court for the Northern District of Ohio.

## III.  DOCUMENT FORMATTING

All documents filed in this action, whether electronically or by other means, shall comply with the formatting requirements of LR 10.1. Electronically-filed documents (including exhibits, if possible) must be text-searchable. Nonconforming documents may be stricken, in the Court's discretion.

## IV.  COURTESY COPIES

A courtesy copy of any motion or brief that exceeds thirty (30) pages (counting exhibits) must be supplied to chambers no later than three (3) business days after the original is filed. The courtesy copy must be an exact copy of the filed document, including the electronically-applied header on every page.

## V.  FILING EXHIBITS,[1] RECORDS OF PROCEEDINGS, AND TRANSCRIPTS

### A.  Filing Exhibits in Support of a Document

Except in habeas corpus cases and/or cases involving administrative records of any kind (which are governed by Section C, below), when electronically filing exhibits in support of a main document, such as a dispositive motion, each exhibit shall be uploaded as a separate attachment to the main document and shall be identified with a description, not merely a number. For example, if the first exhibit consists of the affidavit of John Doe, the attachment should be identified as "Exhibit 1 - Affidavit of John Doe." Exhibits may

---

[1] *See* § IX, *infra*, for directives for labeling exhibits for any hearing.

not be bundled and filed in sections. For example, it will be considered non-compliant to file the first five exhibits together under the description "Exhibits 1 to 5" and the second five exhibits as "Exhibits 6 to 10."

**B.  Filing Transcripts**

When filing a transcript is appropriate, it shall be filed either separately or as an attachment to a main cover document styled as "Notice of Filing Transcript(s)." Each volume of transcripts shall be identified with a description (e.g., Trial Transcript Vol. I pp. x to xxx [page range]; Sentencing Transcript; Deposition of John Doe).

**C.  Habeas Corpus and Administrative Records**

The separate components of the state court records in habeas corpus cases and of the records of *any* kind of administrative proceeding (e.g., in social security or ERISA cases) may not be uploaded as separate documents. These records must be uploaded as one, combined document with individual bookmarks, provided each bookmark is clearly identified with a description of the exhibit. The filer must also add the parenthetical "(bookmarked)" in the docket text.

**D.  Non-Conforming Filings**

Filers shall consult with the Office of the Clerk if uncertain how to properly file exhibits under the terms of this Order.

The Clerk is hereby authorized to forthwith (1) strike all non-conforming documents, (2) reflect the same by way of a public notation on the docket, and (3) notify counsel by e-mail of the need to refile according to the terms of this Order. Should refiling be required, the deadline for such refiling shall be exactly two (2) business days from the

date and time of the Clerk's notation on the docket, as reflected on the electronic receipt of such notation.

## VI.    CITATIONS TO THE RECORD

The header of every document in the electronic record of a case contains a "PageID #" in the upper right corner. Whenever possible, a filing that makes reference to other documents in the record, shall do so using that PageID #. For example, a reference might be: "Doc. No. 22 at 253" – where "253" is the Page ID #.

## VII.    FILING UNDER SEAL

Absent a statute or an order of this Court, documents may not be filed under seal. *See* L.R. 5.2; Electronic Filing Policies and Procedures Manual § 16.

Should a sealing order be in effect (e.g., a protective order that permits sealing of confidential documents), the Court will expect the filing parties to be mindful that this is a public forum. No protective order or other sealing order is blanket authority to file entire documents under seal. Only relevant portions of relevant documents are subject to sealing under the terms of an approved order. For example, an entire memorandum in support of a motion for summary judgment would not be placed under seal merely because it makes mention of a document that is under seal. Nor would an entire deposition transcript be placed under seal because confidential information was inquired into during the course of the deposition.

Therefore, in most cases, protected or confidential information subject to a sealing order or statute should be filed separately under seal and be merely made reference to in the public document. If, however, the nature of a particular case presents the rare instance where the confidential information must be intertwined within the text of the document, a

- 4 -

party may timely move the Court for leave to file both a redacted version for the public docket and an unredacted version for sealing.

Further, where documents are legitimately filed under seal, attorneys will be required to use the following procedure. Absent a court-granted exception based upon extraordinary circumstances, any and all filings made under seal shall be submitted electronically and shall be linked to the relevant authorizing order. If both redacted and unredacted versions are being submitted for filing, each version shall be clearly named so there is no confusion as to why there are two entries on the docket for the same filing.

If the Court has granted an exception to electronic filing, a sealed filing shall be placed in a sealed envelope marked "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER." The sealed envelope shall display the case name and number, a designation as to what the document is, the name of the party on whose behalf it is submitted, and the name of the attorney who has filed the sealed document. A copy of the relevant authorizing order shall be included in the sealed envelope.

Finally, the Court makes perfectly clear that, if and when a case where sealing is authorized comes on for hearing, argument, or trial, the courtroom will not be sealed. Any and all documents and information that may have been subject to sealing during discovery will no longer enjoy a protected or confidential designation. The hearing, argument, or trial will be public in all respects.

## VIII.  MOTIONS PRACTICE

### A.  General

Typically, the Court will rule on all but substantive motions without awaiting a response and/or reply, unless immediately advised by a party that it wishes to oppose the

motion. The Court will not entertain frivolous opposition to motions that have no substantive bearing on a party's interests.

Motions practice shall be generally governed by LR 7.1, unless otherwise specifically ordered by the Court. Whenever page limits have been imposed either by local rule or by Court order, at the same time the page-limited document is filed, the filer must also submit an affidavit certifying compliance with the page limits. The Court will not increase the page limitations except in extraordinary circumstances and then only if the exception has been sought at least three (3) business days in advance of the due date for the relevant filing.

Every substantive motion that is filed must be responded to and replied to separately. Rarely, and only with prior leave of Court timely sought, will a party be permitted to file a single, combined response or reply with respect to separate motions. Further, the Court will not consider any material that is submitted by way of incorporation of previously-filed documents.

All motions, including procedural motions, must be supported by reference to appropriate legal authority. Where case law is cited in support of a party's position, the citation must pinpoint the page in the opinion where the legal proposition being advanced is located.

All facts presented to the Court in any brief or memorandum setting forth a party's position with respect to a motion must be supported by pinpoint citations to the case record. For example, it is *not* sufficient to say: "*See* Green Affidavit" or "*See* Williams Deposition." Instead, each citation must be to a particular paragraph or paragraphs of the Affidavit or to a particular page or pages of the Deposition.

Although discovery materials are not ordinarily to be filed, whenever deposition testimony is used in support of a party's position, relevant excerpts of the deposition transcript (not exceeding two additional pages for context) shall be submitted as properly identified exhibits to the main document.

Where deposition excerpts have been attached in support of or in opposition to a dispositive motion (e.g., a motion to dismiss or for summary judgment), the entire deposition transcript must also be separately, and simultaneously, filed. Such deposition transcript must be filed electronically and must be in text-searchable PDF format. If exhibits are discussed during the course of any deposition, each of those exhibits must be filed as a properly-identified attachment to the deposition.

**B.      Substantive Motions Filed Before the Case Management Conference**

Any motion of a substantive nature (e.g., motion to dismiss, motion to confirm/vacate arbitration award, motion to remand) filed before the Case Management Conference must comply with the following directives.

Any memorandum in support of such motion may not exceed twenty (20) pages. Responses must be filed within thirty (30) days of the filing of the motion and may not exceed twenty (20) pages. Replies must be filed within fourteen (14) days of the filing of the response and may not exceed ten (10) pages.

The Court will hold a defendant who files a motion under Rule 12 of the Federal Rules of Civil Procedure to the requirements of Rule 12, including in particular the timing requirements of Rule 12(a)(4).

**C.      Motions for Summary Judgment Filed Before the Discovery Cutoff**

The Court typically permits only one summary judgment motion per party, although it reserves the right to make exceptions. A party must seek prior leave of Court before filing any additional or supplemental motions for summary judgment, and leave will be granted only upon a showing of good cause. A motion for summary judgment with supporting brief, a brief in opposition, and a reply brief, all complying with relevant page limitations, are the only documents that will be accepted absent prior leave of Court.

As a general rule, the Court anticipates summary judgment motions according to the schedule set forth in the Case Management Plan, and, in any event, only after completion of discovery. If a party chooses to file a motion for summary judgment at any time prior to the discovery cut-off, there will be no requirement that the opposition brief be filed earlier than the date set for that brief by the Case Management Plan, unless the Court orders otherwise in a particular case. Further, the Court reserves the right to dismiss without prejudice any prematurely filed motion.

If a motion for summary judgment is filed even before the Case Management Plan has issued (i.e., before the Case Management Conference is conducted), page limitations will be those set by Local Rule 7.1(f) for Standard Track cases, and the deadlines for filing the response and reply briefs will be governed by Local Rule 7.1(d) and (e), unless the Court orders otherwise.

**D.      Motions for Reconsideration**

The Federal Rules of Civil Procedure make no provision for motions for reconsideration and these motions are discouraged by the Court. Although, in appropriate circumstances, a motion for reconsideration might be warranted, parties and counsel are

reminded that such a motion is neither a substitute for appeal nor an opportunity for an unhappy litigant to reargue the case or to insert arguments inexplicably omitted in earlier motions. Parties or counsel who file unfounded, unmerited, and unsuccessful motions for reconsideration simply because they disagree with a ruling, decision, or order should expect to be sanctioned to the full extent permitted under Fed. R. Civ. P. 11 and 28 U.S.C. § 1927.

## IX.    HEARINGS [2] OTHER THAN TRIALS [3]

Ordinarily, motions will be decided without a hearing or oral argument. Whenever the Court does conduct a hearing or argument on a particular motion, it may require pre-hearing/argument briefs, if the motion has not already been fully briefed. Parties will be informed by separate order if such briefs will be required.

Depending on the nature of the case and the type of hearing, the Court may also limit the amount of time that each side will be permitted to present live testimony and/or argument at the hearing. If such limitations will be imposed, the parties will be informed of that fact when the Court schedules the hearing.

All exhibits for use at any hearing must bear the official case number and shall be marked before the hearing with official exhibit stickers (available from the clerk upon request). Notwithstanding the labeling provisions in LR 39.1, all exhibits must be marked with the party's designation and Arabic numerals (e.g., "Pl(s). Ex. 1" or "Def(s). Ex. 1"). Where there are multiple parties on a side and an exhibit is presented on behalf of fewer than all of them, the party's name shall be added (e.g., "Pl. Smith Ex. 1" or "Def. Jones Ex.

---

[2] Hearings in patent cases will be governed by specific orders issued in such cases, not by this Section IX.

[3] Directives specifically relating to trial will issue by separate order at an appropriate time. To the extent any directive(s) in a trial order differ from the directives herein, the trial order shall govern.

1"). Joint exhibits shall be similarly marked (e.g., "Joint Ex. 1"). Multiple-page exhibits must be bates numbered for ease of reference.

Each party shall come to any hearing with their original, marked exhibits plus enough marked copies of every exhibit for the following: the Court, the Court's law clerk, the witness, and counsel for each party (one copy per party, not one copy for each counsel).

Each party shall also, on the day of the hearing, provide to the Courtroom Deputy Clerk and to opposing counsel a list of witnesses who may testify, along with a brief description of each witness's testimony (using the format in Appendix A) and an index of exhibits that may be used at the hearing, including a brief description of such exhibits (using the format in Appendix B).

## X.  EARLY RESOLUTION OF THE CASE

If this case is resolved at any time prior to a scheduled proceeding, the parties shall submit a stipulation of settlement and dismissal, or otherwise notify the Court that such a stipulation is in process by contacting the Court's Courtroom Deputy Clerk at 330-252-6060.

**IT IS SO ORDERED**.

Dated: December 16, 2016

_____
**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**

# APPENDIX A

_____            CASE NO.  _____

PLAINTIFF(S),

vs.                                           JUDGE SARA LIOI

_____

DEFENDANT(S).

| PLAINTIFF/DEFENDANT WITNESSES | |
|---|---|
| **NAME** | **SYNOPSIS OF TESTIMONY** |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |

## APPENDIX B

_____          CASE NO.  _____
                    PLAINTIFF(S),

             vs.                            JUDGE SARA LIOI

_____
                    DEFENDANT(S).

| PLAINTIFF/DEFENDANT/JOINT/THIRD-PARTY EXHIBITS | | | | | | |
|---|---|---|---|---|---|---|
| EXHIBIT I.D. | DESCRIPTION OF EXHIBIT | I.D. | OFFERED | OBJ. | ADMITTED | NOT ADMITTED |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |

12