To: Nicole Poston, c/o Kathleen McKinley, Esq.
From: Nicole Donovsky
Designated Compliance Officer for Massillon City School District
Re: Disability Discrimination Complaint 13, Supplemental Information Complaints 1-7
Date: December 14, 2015

---

I received Complaint 13 filed by you, for investigation, and, pursuant to my prior offer and at your request, I reviewed additional information related to the initial 7 complaints. We discussed this information on December 14, 2015.

### Supplemental Information – Complaints 1-7

You provided handouts related to Complaints 1-7. Upon review, there are at least portions of these handouts that are not 14, or 18, point type. Document 1 was enlarged, so that some of the text was at least 14 point. However, enlarging the document was not sufficient to increase the font size for all type. Document 2 was distributed without any change from its original font size. Document 3 was a PowerPoint presentation by SST9, presented in a traditional 3 slide per page format. The slides were enlarged and put on larger paper, however, some slides were not legible or an appropriate font size. Document 4 was provided by an outside presenter. It was also enlarged on put on larger paper. It appears that this font size likely meets the 14 point size, but not the 18 point. There was no Document 5, however, we discussed a Power Point presentation, with videos, that was not otherwise provided to you. Documents 6 and 7 were internally distributed materials, placed in your school mailbox that were not provided in a modified form.

### Complaint 13

In addition, I reviewed, and we discussed Complaint 13. Materials were provided during a teacher-led inservice in an unmodified format. It is indicated that the teacher was not asked to make any provision for Ms. Poston's accommodations prior to distributing the materials or presenting the information.

### Conclusion

Some instances where accommodations were not provided may be attributed to lack of understanding of the accommodation by the person/people responsible for providing the documentation, lack of communication, lack of time or control. I will note that Ms. Poston did not request assistance or take any immediate action to notify administration of the failure to accommodate her until she filed her complaints. There are some instances where the issue might have been readily resolved.

I maintain, as I stated in my prior decision, that there is not a clear and mutual understanding regarding your specific accommodations, with Mr. Fortner, other administrative staff, or Ms. Slick. However, there are instances, as noted above, that even the 14 point font size was not provided. Hopefully, issues complicating implementation of accommodations can be discussed thoroughly at an accommodation meeting.

I have noted, and shared with Mr. Fortner, that you are requesting an accommodation meeting. The district will agree to hold any appeal deadlines in abeyance until that accommodation meeting is held.

I also maintain my prior recommendations:

1. Holding an accommodations meeting where the requested accommodations, alternatives, complications and reasonableness are discussed;

2. Memorializing the agreed upon accommodations in writing; and

3. Developing a plan for addressing implementation concerns and future requests for modifications.

MSS000141